UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCHOETTLER RESEARCH AND ENGINEERING CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>EDMAR CORPORATION AND ORECK HOLDINGS, LLC,<br><br>Defendants. | Civil Action<br>No. 1:09-CV-11386 WGY (RBC)<br><br>Hon. William G. Young |

## STIPULATED PERMANENT INJUNCTION AND JUDGMENT; AND [PROPOSED] ORDER

Plaintiff Schoettler Research & Engineering Corporation and Defendant Edmar Corporation hereby submit a Stipulated Permanent Injunction and Judgment; and [Proposed] Order.

Respectfully submitted,

DATED: July 19, 2010

By /s/Edward R. Schwartz
　　Edward R. Schwartz, BBO #448050

**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Blvd., Suite 500
Pasadena, California 91105
Phn: (626) 795-9900; Fax: (626) 577-8800
e-mail: ers@cph.com

Attorneys for Plaintiff,
Schoettler Research and Engineering Corporation

DATED: July 16, 2010

By /s/Gerard F. Dunne
　　Gerard F. Dunne (*admitted pro hac vice*)

**LAW OFFICES OF GERARD F. DUNNE**
156 Fifth Avenue, Suite 1223
New York, New York 10010
Phn: (212) 645-2410; Fax: (212) 645-2435
e-mail: jerry.dunne@dunnelaw.net

Attorneys for Defendants,
Edmar Corporation and Oreck Holdings, LLC

-1-

Plaintiff Schoettler Research & Engineering Corporation ("Schoettler") having commenced this action for an injunction and other relief against Defendants Oreck Holdings, LLC and Edmar Corporation (collectively "Defendants") for infringement of a registered trademark and false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1051, et seq., and for unfair competition and false and deceptive trade practices under the laws of the Commonwealth of Massachusetts and

Defendants having entered into a Settlement Agreement with Schoettler and having stipulated to dismissal of Oreck Holdings, LLC with prejudice and to entry of this Permanent Injunction and Judgment as to Edmar Corporation only,

IT IS HEREBY ORDERED that Edmar, its agents, employees and representatives, and all persons acting in concert or in privity with any of them, are permanently enjoined from: (a) using the trademark PATRIOT alone or in connection with the sale, distribution or advertising of vacuum cleaners, as well as products and services which are complementary thereto, including but not limited to, use of said trademark as an Internet keyword or metatag.

IT IS FURTHER ORDERED that Schoettler's claims for relief in addition to the foregoing injunction are dismissed with prejudice and that each party will be responsible for its own costs including attorney's fees.

The Court shall retain jurisdiction over enforcement of the Settlement Agreement in this action.

IT IS SO ORDERED.

DATED: _July 20, 2010_                           _William G. Young_
                                                 Hon. William G. Young
                                                 United States District Court Judge